**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JERI STIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 4:13-CV-471 |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

On September 2, 2014, the United States Magistrate Judge issued its report and recommendation [Doc. #18], this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge recommended that the decision of the Commissioner be affirmed.

On September 16, 2014, Plaintiff filed her objections to the report and recommendation [Doc. #19]. Plaintiff first argues that the Magistrate Judge erred in failing to find that the evidence in the record supported Plaintiff's treating physician's opinion. Plaintiff contends that the ALJ failed to provide substantially supported good cause for rejecting the opinion of her treating physician, Dr. Annelle Johnson, and that the Magistrate Judge erred in finding that the decision of the ALJ was supported by the record. Plaintiff contends that none of the evidence cited by the ALJ or the Magistrate Judge is a competing first-hand opinion that relates to Dr. Johnson's opinion, and the isolated records cited do not contradict Dr. Johnson's opinions, which were based on her treatment history. Plaintiff also contends that the Magistrate Judge

improperly considered her activities of daily living as contradictory to the findings of Dr. Johnson.

The Magistrate Judge found that the ALJ assigned little evidentiary weight to Dr. Johnson's opinions, noting that Dr. Johnson primarily summarized the claimant's diagnoses, without the support of objective, clinical, or laboratory diagnostic findings to support the functional assessment [Doc. #18 at 7]. After thorough consideration of the evidence in the record, the Magistrate Judge noted the reasons the ALJ found that the record did not support the opinions of Dr. Johnson, and the Magistrate Judge concluded that there was good cause to support the ALJ's determination that Dr. Johnson's opinions should be given little weight. The ALJ found that Plaintiff's allegations regarding her impairments were not credible in light of the medical evidence, and that her daily activities contradicted Dr. Johnson's opinions.

Plaintiff does not refute most of the evidence cited by the Magistrate Judge in support of its conclusion. The record reveals that several objective medical tests revealed that Plaintiff's head and neck were normal, an EKG was normal, a cervical MRI showed only mild spondylosis, and bilateral foot x-rays indicated only a possibility of scleroderma [TR 195]. The medical evidence also revealed a neurological exam within normal limits and a normal musculoskeletal range of motion. *Id*. The court agrees that Plaintiff's description of her daily activities, and the findings of other treating and examining physicians, further support the conclusion that there was good cause for the decision of the ALJ to give little weight to Dr. Johnson's opinions. Plaintiff's objection is overruled.

Plaintiff next objects to the finding of the Magistrate Judge that substantial evidence supported the conclusion of the ALJ that Plaintiff's assistive walking device need not be included in the residual functional capacity finding. Plaintiff argues that she established her need

2

for a cane or walker by virtue of her doctor's recommendation for them, and that the failure of the ALJ to include them in the residual functional capacity finding was error.

Contrary to Plaintiff's assertion, no treating physician prescribed the use of an assistive walking device, and the ALJ also considered Plaintiff's statements regarding her assistive walking device to be not credible. The Magistrate Judge noted the following:

> However, the ALJ did not rely solely upon the lack of a prescription for an assistive device when he excluded its use from Plaintiff's residual functional capacity finding. While Plaintiff argues that October 14, 2012 records from a physical therapist at Baylor Medical Center of McKinney state ambulation with a rolling walker as a therapy goal, this argument is unconvincing (TR 2030). In his decision, the ALJ cited to October 22, 2012 records from the same hospital, in which a physician noted that Plaintiff had a steady gait, with voluntary and inconsistent weakness (TR 194). There was also no indication in that record of Plaintiff using a cane or walker (TR 1966-68). While the ALJ could have more strongly supported his exclusion of an assistive device from the residual functional capacity finding, an examination of the record shows substantial evidence to support the decision.

[Doc. #18 at 11]. Plaintiff does not address this argument. Further, The social security regulations do not require a prescription for an assistive device in order for it to be relevant to the assessment of residual functional capacity, but instead require Plaintiff to present "medical documentation" establishing the need for such a device. *Coleman v. Astrue*, No. 3–10–CV–1919–BD, 2011 WL 6182338, at *3 (N.D. Tex. Dec. 13, 2011). There was no need for the court to resolve any material inconsistencies, as substantial evidence supports the findings of the ALJ. Plaintiff's objection is overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes Plaintiff's objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #18] is adopted, and the decision of the Commissioner is **AFFIRMED**.

**So ordered and signed on**

**Nov 15, 2014**

_____
Ron Clark, United States District Judge